FAXED COPY

CAROTHERS DiSANTE & FREUDENBERGER LLP
Alison L. Tsao, State Bar No. 198250
Connor J. Moyle, State Bar No. 250384
601 Montgomery Street
Suite 350
San Francisco, California 94111
Telephone: (415) 981-3233
Facsimile: (415) 981-3246
E-Mail: atsao@cdflaborlaw.com
cmoyle@cdflaborlaw.com

Attorneys for Defendant
SKY CHEFS, INC. dba LSG SKY CHEFS

ENDORSED FILED
SAN MATEO COUNTY
MAR 22 2012
Clerk of the Superior Court
By ___G. Jackson___
DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN MATEO

| | |
|---|---|
| PRAKASH KHATRI, an individual,<br><br>    Plaintiff,<br>vs.<br><br>LSG SKY CHEF, a Texas Corporation; and DOES 1 through 20, inclusive.,<br><br>    Defendants. | Case No. CIV511829<br><br>**DEFENDANT SKY CHEFS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Action Filed: February 15, 2012<br>Trial Date: None Set |

CAROTHERS DiSANTE &
FREUDENBERGER LLP

465779.1

Case No. CIV511829
Defendant's Answer To Unverified Complaint

Defendant Sky Chefs, Inc., a Delaware corporation doing business as LSG Sky Chefs ("Defendant"), hereby answers the unverified Complaint for Damages for Employment Discrimination (Fair Employment & Housing Act) (the "Complaint") of Plaintiff Prakash Khatri ("Plaintiff") as follow:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30, Defendant denies generally and specifically each and every allegation of the complaint, including each purported cause of action contained therein, and specifically denies that Plaintiff has been damaged in the manner or sums alleged, or in any other sums, or at all, by reason of any act, omission, or conduct on the part of or attributable to Defendant.

## AFFIRMATIVE DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The affirmative defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defense contained herein at any time.

Without conceding that it bears the burden of proof or persuasion as to any one of them, Defendant alleges the following separate affirmative defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. The Complaint, and each cause of action alleged therein, fails to state facts sufficient to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Laches)

2. Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims are barred because Plaintiff failed to raise his alleged claims in a timely fashion.

///
///

### THIRD AFFIRMATIVE DEFENSE

(Waiver)

3.  Plaintiff has waived the right, by reason of his conduct and actions, to assert some or all of the claims alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

4.  Plaintiff's claims are barred, in whole or in part, because he failed to exhaust his administrative remedies or to satisfy one or more of the prerequisites to filing suit contained in the California Fair Employment and Housing Act, California Government Code § 12900, *et seq.*

### FIFTH AFFIRMATIVE DEFENSE

(At-Will Employment)

5.  Plaintiff's employment was terminable at the will of either Plaintiff or Defendant under California Labor Code § 2922.

### SIXTH AFFIRMATIVE DEFENSE

(No Discrimination)

6.  Plaintiff's claims are barred because all decisions made regarding Plaintiff's employment with Defendant were based on legitimate, non-discriminatory criteria, and had nothing to do with Plaintiff's national origin, race, ethnicity, or any other protected characteristic.

### SEVENTH AFFIRMATIVE DEFENSE

(Intervening Cause)

7.  Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of intervening and superseding causes, not Defendant's conduct.

### EIGHTH AFFIRMATIVE DEFENSE

(Failure to Comply With Employer's Directions – Labor Code § 2856)

8.  Plaintiff's claims are barred, in whole or in part, because Plaintiff did not comply substantially with all the directions of Defendant concerning the service for which he was engaged.

///

///

### NINTH AFFIRMATIVE DEFENSE

(Estoppel)

9. Plaintiff's alleged causes of action, and each of them, are barred, in whole or in part, by the doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

10. Plaintiff's alleged causes of action, and each of them, are barred, in whole or in part, by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

(Privilege/Legitimate Business Reasons)

11. The Complaint, and each cause of action contained therein, is barred in whole or in part because Defendant had an honest, good faith belief that all decisions, if any, affecting Plaintiff were made by Defendant solely for legitimate, business-related reasons that were neither arbitrary, capricious, nor unlawful and were reasonably based upon the facts as Defendant understood them.

### TWELFTH AFFIRMATIVE DEFENSE

(Statutes of Limitations)

12. Plaintiff's alleged causes of action are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to California Government Code § 12965.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

13. Defendant is informed and believes, and on that basis alleges, that Plaintiff, in the exercise of reasonable diligence, could have mitigated his alleged monetary damages and that Plaintiff failed to exercise such reasonable diligence and has not mitigated such alleged monetary damages. By reason thereof, Plaintiff is barred, in whole or in part, from recovering any damages from Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Avoidable Consequences Doctrine)

14. Plaintiff's claims for monetary relief are barred, in whole or in part, on the basis of

the avoidable consequences doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE

(No Entitlement to Emotional Distress Damages)

15. Plaintiff is not entitled to recover any compensatory or other monetary damages from Defendant for any alleged vexation, injury or annoyance, or physical, mental or emotional distress, humiliation, embarrassment, or discomfort, on the grounds that Defendant was not the cause of those alleged damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

16. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff did not truthfully complete any employment application or related materials submitted to Defendant in order to become employed by Defendant and/or for other reasons based on the after-acquired evidence doctrine.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Bad Faith)

17. The Complaint is frivolous and was brought by Plaintiff in bad faith and by reason of the conduct stated herein, Defendant is entitled to, and will seek, reasonable expenses, including attorneys' fees, incurred in defending this action pursuant to California Code of Civil Procedure § 128.7.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Exclusive Remedy)

18. Plaintiff is not entitled to recover any compensatory or other monetary damages from Defendant for any alleged vexation, injury or annoyance, or physical, mental or emotional distress, humiliation, embarrassment, or discomfort, on the grounds that Plaintiff's exclusive remedy for such alleged injuries arises under the California Workers' Compensation Act, and exclusive jurisdiction over such claims is vested in the California Workers' Compensation Board, pursuant to California Labor Code § 3600, *et seq.*

///

## NINETEENTH AFFIRMATIVE DEFENSE

(Comparative Fault)

19. Defendant's conduct is not the sole and proximate cause of the alleged damages and losses, if any, of Plaintiff. Any damages awarded to Plaintiff must be apportioned according to the respective fault and legal responsibility of all parties, persons, and entities, or their agents and employees who contributed to and/or caused the alleged damages, if any, according to the proof presented at the time of trial.

## TWENTIETH AFFIRMATIVE DEFENSE

(No Knowledge, Authorization, or Ratification)

20. Defendant is not liable for the alleged damages because, if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he/she/it did so without the knowledge, authorization, or ratification of Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(No Entitlement to Punitive Damages)

21. Plaintiff is precluded from recovering punitive damages, in whole or in part, from Defendant, by the due process clause of the Fourteenth Amendment to the Constitution of United States pursuant to the doctrine articulated in State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003). In addition, California Civil Code § 3294 precludes Plaintiff from recovering exemplary or punitive damages because Plaintiff has failed to plead and cannot establish sufficient facts to support allegations of malice, oppression, fraud or despicable conduct. Finally, Defendant did not authorize or ratify any wrongful conduct.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Offset)

22. If it is determined that Defendant owes monetary damages to Plaintiff, Defendant is entitled to an offset to the extent Plaintiff owes money to Defendant.

///

///

///

465779.1

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Additional Defenses)

23. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery or an investigation indicates that they would be appropriate.

## I. PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff's Complaint and each cause of action thereof be dismissed with prejudice;

2. That Plaintiff take nothing by his Complaint;

3. That Defendant be awarded its costs incurred herein, including attorneys' fees pursuant to statute; and

4. For such other and further relief to Defendant as the Court may deem just and proper.

Dated: March 21, 2012

CAROTHERS DiSANTE & FREUDENBERGER LLP
Alison L. Tsao
Connor J. Moyle

By: _____
Connor J. Moyle
Attorneys for Defendant
SKY CHEFS, INC. dba LSG SKY CHEFS

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 601 Montgomery Street, Suite 350, San Francisco, California 94111. On March 22, 2012, I served upon the interested party(ies) in this action the following document described as:

**DEFENDANT SKY CHEFS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed as stated below for processing by the following method:

Mogeeb Weiss
Weiss Law, P.C.
101 California Street, Suite 2450
San Francisco, CA 94111

[X] By placing such envelope(s) with postage thereon fully prepaid into Carothers DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Carothers DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carothers DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service in San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 22, 2012, at San Francisco, California.

| Marshall Gillespie | (Signature) |
| (Type or print name) | |

Case No. CIV511829
Defendant's Answer To Unverified Complaint

CAROTHERS DISANTE &
FREUDENBERGER LLP
465779.1

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 601 Montgomery Street, Suite 350, San Francisco, California 94111. On March 23, 2012, I served upon the interested party(ies) in this action the following document described as:

**DEFENDANT SKY CHEFS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. 1441 BASED ON DIVERSITY JURISDICTION**

By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed as stated below for processing by the following method:

Mogeeb Weiss
Weiss Law, P.C.
101 California Street, Suite 2450
San Francisco, CA 94111

[X] By placing such envelope(s) with postage thereon fully prepaid into Carothers DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Carothers DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carothers DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service in San Francisco, California.

Executed on March 23, 2012, at San Francisco, California.

I declare that I am employed in the office of a member of the Bar of or permitted to practice before this Court at whose direction the service was made.

| Marshall Gillespie | |
|---|---|
| (Type or print name) | (Signature) |